FILED BY ____ D.C.
2005 AUG 18 PM 1:59
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-22293
CIV-MARTINEZ

In Re: Letter of Request from Venezuela
For Judicial Assistance In The Criminal
Matter Of Gustavo Raul Castillo Vasquez
_______________________________/

MAGISTRATE
BANDSTRA

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by the Public Prosecutor's Office of Venezuela, for use in a criminal investigation in Venezuela and appointing a commissioner to collect it. The application is based upon the attached letter of request. As set forth in the letter of request, the Public Prosecutor's Office is investigating Gustavo Raul Castillo Vasquez for computer crimes related to bank fraud charges.

According to the request:

On March 2, 2005, Mr. Jesus Alejandro Gomez Silva filed an accusation with the Computer Crimes Division of the Forensic Criminal Investigations Police, reporting that he had received a phone call from Mr. Eduardo Morkunas, General Manager of the bank Morgan, Keegan and Company, Inc., located in Miami, Florida, informing him that someone sent a fax to his bank asking him to make a wire transfer in the amount of US$115,751 from Mr. Gomez Silva's account to an account at Washington Mutual Bank in Houston, Texas. Mr. Eduardo Morkunas also informed him that the fax asking for the wire transfer was sent on that same day coming form the IP address assigned to the home of Mr. Gustavo Raul Castillo Vasquez in Caracas, Venezuela. Mr. Gomez Silva denies authorizing such a wire transfer.



In furtherance of their investigation, Venezuelan authorities request assistance in obtaining information from Mr. Eduardo Morkunas, General Manager, Morgan, Keegan and Company, in Miami, Florida.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in an investigation in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1. Authority to grant a foreign request for assistance

Title 28, Section 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

> . . . to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782. By enacting Section 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464 (S.D. Fla. 1986), aff'd, 848 F.2d 1151, 1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989). More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance.

In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir. 1976). In sum, Section 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign requests for judicial assistance.

a. Source of the foreign request for assistance

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate judge. In re Letter of Request from the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987) . Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public prosecutor. In re: Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 689-90 (D.C. Cir. 1989); Trinidad and Tobago, 648 F. Supp. at 466.

b. Purpose for the foreign request for assistance

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign . . . tribunal." This includes evidence needed in proceedings before investigating magistrates as well as in proceedings before conventional courts. 1964 U.S.C.C.A.N. at 3788; Haiti, 669 F. Supp at 405-406. Section 1782 contemplates that district courts will facilitate evidence gathering prior to litigation; Congress amended Section 1782 to eliminate the need for a "pending" proceeding with the intention of expanding the availability of U.S. judicial procedures for obtaining evidence in the United States in connection with proceedings before foreign tribunals. Even so, where no proceeding before a foreign tribunal is currently pending, district courts should

consider whether a proceeding can reasonably be expected to commence. As Judge (now Justice) Ginsburg explained:

> [T]o guard against abuse of section 1782, the district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time.

United Kingdom, 870 F.2d at 692.

2. Authority to appoint a commissioner

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person or "commissioner" to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal matters, a district court typically appoints an Assistant United States Attorney as commissioner. However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. United Kingdom, 870 F.2d at 688; Japan I, 539 F.2d at 1219.

3. Authority to establish the evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." 1964 U.S.C.C.A.N. at 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. Japan II, 16 F.3d at 1019; Hong Kong, 138 F.R.D. at 31. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. France, 139 F.R.D. at 590-591.

a. Commissioner's subpoena

If a district court so orders, a commissioner may use the attached form, entitled commissioner's subpoena, to obtain the requested evidence. See, e.g., United States v. Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. See 28 U.S.C. 1651. Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request in the relevant district.

b. Notice of evidence taking

If a district court so orders, a commissioner may collect the evidence in accordance with procedures - including those involving notice – requested by the requesting court or authority. In

the absence of a request for a specific procedure, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum, if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

Based upon the facts set forth in the letter rogatory from the Public Ministry in Venezuela, the request is clearly one contemplated by Congress when, in enacting Section 1782, it expanded the authority of federal courts to assist foreign tribunals. Moreover, Congress intended that the United States set an example to other nations by making judicial assistance generously available. Trinidad and Tobago, 848 F.2d at 1153-54.

Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a proceeding in Venezuela appointing Assistant United States Attorney Lois Foster-Steers, as commissioner, and authorizing her to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in Venezuela.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: [signature]

LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0480509
99 NE 4th Street, Fourth Floor
Miami, FL 33132-2111
Tel (305) 961-9203
FAX (305) 530-6168
E-Mail Address: Lois.Foster-Steers@usdoj.gov

COMMISSIONER'S SUBPOENA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TO: ______________________________
______________________________
______________________________

I, Commissioner Lois Foster-Steers, an Assistant United States Attorney for the Southern District of Florida, acting pursuant to an Order of the District Court and under the authority of Title 28, United States Code, Section 1782, for the purpose of rendering assistance to the Public Ministry of Venezuela, command that you appear before me at the James Lawrence King Federal building, Suite 600, located on 99 NE 4th Street, Miami, Florida, on ____________, 2005, at _____ a.m./p.m., to provide testimony/documents[1] regarding an alleged violation of the laws of Venezuela, namely, fraud, among other alleged violations, and that at the time and place aforesaid you provide the following:

For failure to attend and provide said documents, you may be deemed guilty of contempt and liable to penalties under the law.

Dated:

COMMISSIONER LOIS FOSTER-STEERS
Assistant United States Attorney
Southern District of Florida
Tel. (305) 961-9203

[1]Customer notice requirements of the Right to Financial Privacy Act **do not** apply when records are sought for a foreign investigation. Young v. United States Department of Justice, 882 F2d 633 (2d Cir. 1989).

REPÚBLICA BOLIVARIANA DE VENEZUELA
**MINISTERIO PÚBLICO**
Despacho del
**FISCAL GENERAL DE LA REPÚBLICA**
Dirección de Consultoría Jurídica

N° DCJ-11-20-1406-2005

Caracas,

Ciudadano
**EMB. HENRY VÉLIZ**
Director General de Relaciones Consulares
Ministerio de Relaciones Exteriores
Avenida Urdaneta, Esquina Carmelitas,
Torre M.R.E, piso 6.
Su Despacho.-

Me dirijo a usted, en la oportunidad de remitir anexo al presente la Solicitud de Asistencia Legal Mutua en Materia Penal que libra el Dr. Ricardo Alexander Bravo Zapata, Fiscal Décimo Primero del Ministerio Público de la Circunscripción Judicial del Área Metropolitana de Caracas, relativa al caso del ciudadano **GUSTAVO RAÚL CASTILLO VÁSQUEZ**.

Sin otro particular al cual hacer referencia, quedo de usted.

017434

Atentamente,
Por delegación del
Fiscal General de la República

**ELIZABETH GALINDO MILLÁN**
Directora de Consultoría Jurídica

2005 JUN -9 P 12:14

**Anexo:**
- Original de Solicitud de Carta Rogatoria debidamente traducida al idioma inglés.
- Resolución de Nombramiento N° 106.

***YDA/KPB/mrb.-***

*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas --Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta --Intérprete Público/Certified Translator*

I, the undersigned, *Manuel Cedeño Berrueta*, of Venezuelan nationality, of legal age, married, domiciled and practicing in the city of Caracas, Venezuela, holder of Identity Card Nº V-3,350,546 and Credential Nº A-007 of the Ministry of the Interior and Justice, a *Certified Translator* in the English Language for the Bolivarian Republic of Venezuela, as evidenced by Official License conferred upon me on August 12th, 1992, which License was registered with the Main Public Registry of the Federal District under Nº 405, folio 405, Book 2, on November 6th, 1992; also registered with the First Court of First Instance in Family and Children Matters of the Judicial Circuit of the Federal District and State of Miranda under Nº 58, folio 15, Letter C of the respective Book on November 10th, 1992, and published in Official Gazette Nº 35,147 on February 5th, 1993, under penalty of perjury, do hereby CERTIFY: That according to the above described License, I am duly authorized to translate and certify translations of all types of documents; and that the document attached hereto, written in Spanish, has been submitted to me for translation, and the following is a true English version thereof:

*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

Manuel Cedeño Berrueta
Qualified Public Translator
I.C. Nº V-3.350.348
Credential Nº 288

*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas — Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta — Intérprete Público/Certified Translator*

**BOLIVARIAN REPUBLIC OF VENEZUELA**

**OFFICE OF THE 11TH PUBLIC PROSECUTOR**

**FOR THE CARACAS METROPOLITAN AREA**

**TO THE HONORABLE**

**ATTORNEY-GENERAL OF THE UNITED STATES OF AMERICA**

**WASHINGTON.-**

I hereby inform you that the Public Prosecution Service of the Bolivarian Republic of Venezuela, acting pursuant to the powers conferred upon it by Article 285 of the Constitution of the Bolivarian Republic of Venezuela, in agreement with the provisions of Article 11 of the Organic Law of the Public Prosecution Service, and Articles 108, paragraph 17, and 201 of the Organic Criminal Procedural Code, and with grounds on Article 1, paragraph 2, sub-paragraphs a, b and f of the Convention on Mutual Legal Assistance in Criminal Matters subscribed by the Governments of the Republic of Venezuela and the United States of America on October 12th 1997, with legislative approval published in Official Gazette N° 37,884 as of February 20th 2004, hereby requests legal assistance from your Office for the purpose of obtaining the declaration of Mr. EDUARDO MORKUNAS in respect to the questionnaire attached hereto, which is an integral part of this rogatory letter; Mr. EDUARDO MORKUNAS can be located at the General Manager's office of the bank Morgan Keegan & Company Inc., located in the City of Miami, State of Florida.

It is further requested to determine the identity and location of the person who owns the bank account #0950980667 with the bank Washington Mutual, located in Houston, Texas, as well as the place where such account was opened.

*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

Qualified Public Translator LC. N° V-3.360.544

*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas —Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta —Intérprete Público/Certified Translator*

## I. STATEMENT OF FACTS

The background reasons on which this petition is based, are stated below:

On March 2, 2005, Mr. JESÚS ALEJANDRO GÓMEZ SILVA, bearer of identity card #937,592, filed an accusation with the Computer Crimes Division of the Forensic Criminal Investigations Police, reporting that he had received a phone call from Mr. Eduardo Morkunas, General Manager of the bank Morgan Keegan & Company Inc., located in Miami, State of Florida, who informed him that a certain person sent a fax to his bank asking him to make a wire transfer in the amount of US$ 115,751 from the informant's current account #62742010 to account #0950980667, fraudulently opened in his name with the bank Washington Mutual, located in Houston, Texas. He further informed that the General Manager told him that the fax asking for the wire transfer was sent on the same date of the accusation at 15:25 hours, coming from the address IP 201.243.216.153, which corresponds to telephone number 0212-9791776, located in Caracas, Venezuela, and is assigned to the home of Mr. Gustavo Raúl Castillo Vásquez, who is the accused person in this case.

## II CRIME UNDER INVESTIGATION

The crime of FRAUD is provided for and punished by Article 14 of the Special Law on Computing Crimes, in agreement with Article 83 of the Venezuelan Criminal Code, according to which:

**Article 14 of the Special Law on Computing Crimes:** *"Fraud: Any person who through the undue use of information technologies, availing himself of the manipulation of systems or any elements thereof, or the data or information contained therein, manages to introduce false or fraudulent instructions that*

— 3 —

Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.
☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com



*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas — Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta — Intérprete Público/Certified Translator*

*produce a result that allows to obtain an unfair profit to the prejudice of others, shall be punished with imprisonment of three to seven years and a fine of three hundred to seven hundred tax units".*

**Article 83 of the Criminal Code:** *"When several persons cooperate to commit an unlawful act, each perpetrator and each direct accomplice is subject to the punishment corresponding to the offence committed. That who encourages another to commit the offense is subject to the same punishment."*

The proceedings requested are necessary as evidence in the investigation that is being carried out by this Prosecution Office against Mr. **GUSTAVO RAÚL CASTILLO VÁSQUEZ,** holder of identity card N° 6,616,566, for the perpetration of acts which constitute the crime of FRAUD.

## III. PROCEDURE TO BE FOLLOWED IN ORDER TO OBTAIN THE EVIDENCE

The questionnaire attached hereto includes, but is not limited to, the questions to be answered by GUSTAVO RAÚL CASTILLO VÁSQUEZ; therefore, he may be asked additional questions that may be relevant according to the answers given, to wit:

1. Provide your full identification and exact place of residence.

2. Indicate your place of work, position held and time of service in that job.

3. Explain the ordinary procedure used by accountholders to request Morgan Keegan Company Inc. to make transfers from their accounts to other accounts.

4. Tell the reason why you made a phone call to Mr. Jesús Alejandro Gómez Silva on March 2, 2005, and what the conversation was about.

*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

5. Tell the steps you took after the telephone call.

6. Give the details of the accounts that Mr. Jesús Alejandro Gómez Silva has with your bank, dates when the accounts were opened, authorized signatories, amounts deposited in such accounts, and related information.

**IV. IMPORTANCE OF THE EVIDENCE REQUESTED**

The questionnaire to Mr. EDUARDO MORKUNAS and the determination of the identity of the holders of the above specified bank account are of essential importance for this investigation, since such evidence will serve for determining the circumstances of time, manner and place of perpetration of the crime attributed to Mr. GUSTAVO RAÚL CASTILLO VÁSQUEZ, necessary for finding him guilty of such unlawful acts.

The 11th Public Prosecutor for the Caracas Metropolitan Area, Bolivarian Republic of Venezuela, and his Assistant Prosecutor, Lawyer RICARDO ALEXANDER BRAVO ZAPATA, thank the honorable General-Attorney of the United States of America for the assistance given to this investigation in support to the Venezuelan justice system. Likewise, he reiterates the spirit of cooperation with the Government of the United States, and expresses his feelings of high esteem and consideration.

G–651.206 Financial Crimes

40C–111–05 40° Control

Manuel Cedeño Berrueta
Qualified Public Translator
I.D. Nº V-3.356.848
Credential Nº 1423

**"1805 – 2005 – BICENTENARY OF THE OATH OF THE LIBERATOR SIMÓN BOLÍVAR AT THE SACRED MOUNT"**

*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas —Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta —Intérprete Público/Certified Translator*

Signed in Caracas, on this 22nd day of the month of March, 2005.

**LAWYER RICARDO ALEXANDER BRAVO ZAPATA**

(Signed illegible)

**11TH PUBLIC PROSECUTOR FOR THE CARACAS METROPOLITAN AREA**

RABZ/MAA

---------------------------

— 6 —

*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

Cedeño, Carpio & Asociados
Oficina de Traducciones Técnicas y Jurídicas — Legal & Technical Translation Bureau
Manuel Cedeño Berrueta — Intérprete Público/Certified Translator

**BOLIVARIAN REPUBLIC OF VENEZUELA**

PUBLIC PROSECUTION SERVICE

THE GENERAL PUBLIC PROSECUTOR'S OFFICE

Caracas, February 14, 2005

Years 194th since Independence and 145th since Federation

RESOLUTION N° 106

**I, JULIÁN ISAÍAS RODRÍGUEZ DÍAZ**, General Public Prosecutor of the Republic, pursuant to the provisions of article 1 of the Organic Law of the Public Prosecution Service, performing the duties and exercising the powers conferred upon him by article 21, paragraphs 1 and 3 of said law,

**RESOLVE:**

**SOLE RESOLUTION:** Lawyer **RICARDO ALEXANDER BRAVO ZAPATA,** holder of identity card # 9,970,305, is appointed as TEMPORARY 11TH PUBLIC PROSECUTOR with Full Jurisdiction for the Judicial Circuit of the Caracas Metropolitan Area, from February 15th 2005 until further orders from this Office, in replacement of lawyer Héctor Augusto Villalobos Farías.

Be it recorded, made known and published.

**JULIÁN ISAÍAS RODRÍGUEZ DÍAZ,**

General Public Prosecutor of the Republic

YCGM/AMPGdeR/YASV/jg.
[Seal]: Bolivarian Republic of Venezuela – Citizen Power – Public Prosecution Service – General Public Prosecutor of the Republic

Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.
☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com

*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas — Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta — Intérprete Público/Certified Translator*

The undersigned, ANA MERCEDES PÁEZ GRAFFE de RIVAS, Secretary-General of the Prosecutor-General's Office of the Republic, appointed by Resolution N° 144 as of March 29th 2001, published in the Official Gazette of the Bolivarian Republic of Venezuela issue N° 37,175 as of April 6th 2001, in agreement with article 1,384 of the Civil Code and 95 of the Organic Law of the Public Prosecution Service, HEREBY CERTIFIES: That the foregoing photocopy is a true and exact copy of its original on file in the archives of this Office. This copy has been issued with the cooperation of Mrs. Sandra Yanmiris Colmenares Varela, holder of identity card # *6.185.993*, an employee of this Office, who has subscribed this certification together with me by analogous application of article 76 of the Decree with Force of Law on Public Registry and Notary Offices. *This Certification has been issued in Caracas, on this fifth (5th) day of the month of April of the year 2005.*

*ANA MERCEDES PÁEZ GRAFFE de RIVAS (signed illegible)*

*SANDRA YANMIRIS COLMENARES VARELA (signed illegible)*





*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

*Cedeño, Carpio & Asociados*
*Oficina de Traducciones Técnicas y Jurídicas --Legal & Technical Translation Bureau*
*Manuel Cedeño Berrueta --Intérprete Público/Certified Translator*

*************************

I HEREBY CERTIFY that to the best of my knowledge and belief, the foregoing is a true, exact and complete translation of the attached document, which I have done upon request of interested party for legal purposes pertaining thereto. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal in Caracas, on this 17th day of April of the year 2005.

Manuel Cedeño Berrueta
Qualified Public Translator
I.C. Nº V-3.350.546
Credential Nº 007

*Manuel Cedeño Berrueta*
*Traductor Público / Certified Translator*
*C.I. Nº V-3.350.546 – Credencial Nº A-007*
*Gaceta Oficial/Official Gazette Nº 35.147*
*Caracas, Venezuela*
*mcedenoberrueta@cantv.net*
*mcedenoberrueta@yahoo.com*
*manceber@gmail.com*

*(Rogatories\Gustavo Raúl Castillo Vásquez_EN_tx)*

— 9 —

*Av. Urdaneta, Candilito a Avilanes, Edificio Candil, Piso 1, of. C, La Candelaria, Caracas 1010, Venezuela.*
*☎: +58-212-571.3863; +58-416-808.3279; mcedenoberrueta@cantv.net; mcedenoberrueta@yahoo.com; manceber@gmail.com*

**REPÚBLICA BOLIVARIANA DE VENEZUELA**
**FISCALÍA UNDÉCIMA DEL MINISTERIO PÚBLICO**
**DEL AREA METROPOLITANA DE CARACAS**

**CIUDADANO**
**FISCAL GENERAL DE LOS ESTADOS UNIDOS DE AMÉRICA**
**SU DESPACHO.-**

Hago de su conocimiento que el Ministerio Público de la República Bolivariana de Venezuela, actuando de acuerdo con las atribuciones que le confiere el artículo 285 de la Constitución de la República Bolivariana de Venezuela en concordancia con el artículo 11 de la Ley Orgánica del Ministerio Público, los artículos 108 numeral 17 y 201 ambos del Código Orgánico Procesal Penal venezolano, y con fundamento en el artículo 1 numeral 2 literales a, b, y f del Convenido sobre Asistencia Legal Mutua en Materia Penal suscritos entre los gobiernos entre la República de Venezuela y los Estados Unidos de América, el 12 de octubre de 1997, con aprobación legislativa publicada en Gaceta Oficial Nº 37.884 del 20 de febrero de 2004; solicita la asistencia jurídica del Despacho a su cargo, a los fines de obtener de acuerdo con el cuestionario anexo que se considera parte integrante de la presente carta rogatoria, la declaración del ciudadano EDUARDO MORKUNAS, quien puede ser localizado en la Gerencia General del Banco Morgan Keegan & Compani INC, ubicado en la ciudad de Miami, Estado de La Florida.

Así mismo determínese la identidad y lugar de ubicación de la persona a quien pertenece la cuenta bancaria Nº 0950980667 del banco Washington Mutual, Ubicado en Huston, Texas, así como lugar de dicha apertura.

**I. HECHOS**

Los antecedentes que motivan la presente solicitud son los que a continuación se relatan:

En fecha 2 de marzo de 2005 el ciudadano JESÚS ALEJANDRO GÓMEZ SILVA, con cédula de identidad Nº 937.592, interpuso denuncia ante la División contra Delitos Informáticos del Cuerpo de Investigaciones Científicas, informando que recibió llamada del Gerente General del Banco Morgan Keegan & Compani INC, ubicado en Miami, Florida, ciudadano Eduardo Morkunas, quien le informó que una persona envió un fax a esa entidad bancaria solicitando se hiciera una transferencia de $115.751 de la cuenta corriente del denunciante Nº 62742010 a la cuenta Nº 0950980667 previamente abierta a su nombre de manera fraudulenta en el banco Washington Mutual ubicado en Houston, Texas. Informó además que el Gerente General le manifestó que el fax mediante el cual se solicitó la transferencia fue enviado el día de la denuncia a las 15:25 y provino de la dirección IP 201.243.216.153 la cual corresponde al número telefónico 0212.979.17.76, ubicado en Caracas, Venezuela, el cual se encuentra asignado a la residencia del ciudadano Gustavo Raúl Castillo Vásquez, imputado en la presente causa.

## II. DELITO QUE SE INVESTIGA

El presunto delito de FRAUDE, se encuentra previsto y sancionado en el artículo 14 de la Ley Especial contra los Delitos Informáticos con relación al artículo 83 del Código Penal venezolano, según los cuales:

**Artículo 14 de la Ley Especial contra los Delitos Informáticos**: *"Fraude. Todo aquél que a través del uso indebido de tecnologías de información, valiéndose de cualquier manipulación en sistemas o cualquiera de sus componentes, o en la data o información en ellos contenida, consiga insertar instrucciones falsas o fraudulentas, que produzcan un resultado que permita obtener un provecho injusto en perjuicio ajeno, será penado con prisión de tres a siete años y multa de trescientas a setecientas unidades tributarias"*

**Artículo 83 del Código Penal:** *"Cuando varias personas concurren a la ejecución de un hecho punible, cada uno de los perpetradores y de los*

Manuel Cadeño [illegible]
Qualified Public Translator
I.C. Nº V-3.350.544
[illegible] Nº [illegible]

*cooperador inmediatos queda sujeto a la pena correspondiente al hecho perpetrado.*

*En la misma pena incurre el que ha determinado a otro a cometer el hecho".*

Las actuaciones solicitadas se requieren para ser aportadas a la averiguación número que este despacho sigue en contra del ciudadano **GUSTAVO RAÚL CASTILLO VÁSQUEZ**, con cédula de identidad Nº 6.616.566 por la comisión de las conductas constitutivas del delito de FRAUDE.

**III. PROCEDIMIENTO A SEGUIR PARA LA OBTENCIÓN DE LA PRUEBA**

Se anexa al presente cuestionario de carácter enunciativo y no limitativo, por lo que podrán hacerse las preguntas adicionales que resulten pertinentes de acuerdo con las respuestas emitidas por el ciudadano en cuestión, a saber:

1.- Informe su identificación completa y lugar de ubicación exacta.

2.- Informe dónde labora, qué cargo ocupa y desde hace cuánto tiempo.

3.- Informe cuál es la manera ordinaria como un cuentahabiente solicita al banco Morgan Keegan 6Compani INC transacciones de su cuenta a otras cuentas.

4.- Indique por qué motivo realizó llamada al ciudadano Jesús Alejandro Gómez Silva el día 2 de marzo de 2005 y en qué consistió la conversación que se desarrolló en la misma.

5.- Indiqué cuales fueron sus pasos a seguir luego de dicha conversación.

6.- Indique los datos de las cuentas que el ciudadano Jesús Alejandro Gómez Silva posee en esa institución bancaria, fecha de apertura, firmas autorizadas, monto que oscila en dichas cuentas, etc.

Qualified Public Translator

## IV. IMPORTANCIA DE LA PRUEBA SOLICITADA

La entrevista del ciudadano EDUARDO MORKUNAS y la determinación de la identidad de las personas a nombre de quien se encuentra la cuenta bancaria arriba indicada es de suma importancia para la investigación en virtud que a través de dichas pruebas serán determinadas las circunstancias de tiempo, modo y lugar de comisión del delito que se le atribuye al ciudadano GUSTAVO RAÚL CASTILLO VASQUEZ, necesario para demostrar su culpabilidad en los hechos.

El Fiscal Undécimo del Ministerio Público del Área Metropolitana de Caracas de la República Bolivariana de Venezuela, y su Fiscal Auxiliar Abogado RICARDO ALEXANDER BRAVO ZAPATA agradece a la honorable Fiscalía de los Estados Unidos de América, la ayuda prestada a la presente investigación en apoyo a la justicia venezolana. Igualmente, reitera el espíritu de colaboración al gobierno norteamericano y expresa sus sentimientos de alta estima y consideración.

En Caracas, a los 22 días del mes de marzo de 2005.

**ABOGADO RICARDO ALEXANDER BRAVO ZAPATA**
**FISCAL UNDÉCIMO DEL MINISTERIO PÚBLICO**
**DEL ÁREA METROPOLITANA DE CARACAS**

RABZ/MAA

G-651.206 Delitos Financieros
40C-111-05 40° Control

**"1805 – 2005 BICENTENARIO DEL JURAMENTO DEL LIBERTADOR SIMÓN BOLÍVAR EN EL MONTE SACRO"**



**REPUBLICA BOLIVARIANA DE VENEZUELA**
MINISTERIO PUBLICO
Despacho del Fiscal General de la República

Caracas, 14 de febrero de 2005

Años 194° y 145°

RESOLUCION

**Nº 106**

**JULIAN ISAIAS RODRIGUEZ DIAZ,** Fiscal General de la República, de conformidad con lo dispuesto en el artículo 1 de la Ley Orgánica del Ministerio Público, y en ejercicio de los deberes y atribuciones conferidos en el artículo 21 numerales 1 y 3 ejusdem.

**RESUELVO:**

**UNICO:** Se designa con carácter de **FISCAL PROVISORIO** al ciudadano abogado **RICARDO ALEXANDER BRAVO ZAPATA,** titular de la cédula de identidad N° 9.970.305, de la **FISCALIA DECIMA PRIMERA** del Ministerio Público de la Circunscripción Judicial del Area Metropolitana de Caracas, y competencia plena, a partir del 15-02-2005 y hasta nuevas instrucciones de esta Superioridad, en sustitución del ciudadano abogado Héctor Augusto Villalobos Farías.

Regístrese, Comuníquese y Publíquese.

**JULIAN ISAIAS RODRIGUEZ DIAZ**
Fiscal General de la República

YCGM/AMPGdeR/YASV/jg.-

*ANA MERCEDES PAEZ GRAFFE de RIVAS, Directora de Secretaría General en el Despacho del Fiscal General de la República, mediante Resolución N° 144 de fecha 29 de marzo de 2001, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 37.175 de fecha 06 de abril de 2001, y en concordancia con el artículo 1.384 del Código Civil y 95 de la Ley Orgánica del Ministerio Público, quien suscribe, CERTIFICA: Que la copia fotostática que antecede es traslado fiel y exacto de su original que reposa en el archivo de este Organismo. La presente copia se expide con la colaboración de la ciudadana Sandra Yanmiris Colmenares Varela, titular de la cédula de identidad N° 6.185.993, empleada de este Organismo, quien igualmente suscribe conmigo, la presente certificación por aplicación analógica del artículo 76 del Decreto con Fuerza de Ley de Registro Público y del Notariado. Certificación que se expide en Caracas, a los cinco (05) días del mes de abril del año dos mil cinco (2.005).*

***ANA MERCEDES PAEZ GRAFFE de RIVAS***

Qualified Public Translator
LC. N° V-3.350.544

***SANDRA YANMIRIS COLMENARES VARELA***

**REPÚBLICA BOLIVARIANA DE VENEZUELA**
**FISCALÍA UNDÉCIMA DEL MINISTERIO PÚBLICO**
**DEL AREA METROPOLITANA DE CARACAS**

**CIUDADANO**
**FISCAL GENERAL DE LOS ESTADOS UNIDOS DE AMÉRICA**
**SU DESPACHO.-**

Hago de su conocimiento que el Ministerio Público de la República Bolivariana de Venezuela, actuando de acuerdo con las atribuciones que le confiere el artículo 285 de la Constitución de la República Bolivariana de Venezuela en concordancia con el artículo 11 de la Ley Orgánica del Ministerio Público, los artículos 108 numeral 17 y 201 ambos del Código Orgánico Procesal Penal venezolano, y con fundamento en el artículo 1 numeral 2 literales a, b, y f del Convenido sobre Asistencia Legal Mutua en Materia Penal suscritos entre los gobiernos entre la República de Venezuela y los Estados Unidos de América, el 12 de octubre de 1997, con aprobación legislativa publicada en Gaceta Oficial Nº 37.884 del 20 de febrero de 2004; solicita la asistencia jurídica del Despacho a su cargo, a los fines de obtener de acuerdo con el cuestionario anexo que se considera parte integrante de la presente carta rogatoria, la declaración del ciudadano EDUARDO MORKUNAS, quien puede ser localizado en la Gerencia General del Banco Morgan Keegan & Compani INC, ubicado en la ciudad de Miami, Estado de La Florida.

Así mismo determínese la identidad y lugar de ubicación de la persona a quien pertenece la cuenta bancaria Nº 0950980667 del banco Washington Mutual, Ubicado en Huston, Texas, así como lugar de dicha apertura.

**I. HECHOS**

Los antecedentes que motivan la presente solicitud son los que a continuación se relatan:

En fecha 2 de marzo de 2005 el ciudadano JESÚS ALEJANDRO GÓMEZ SILVA, con cédula de identidad Nº 937.592, interpuso denuncia ante la División contra Delitos Informáticos del Cuerpo de Investigaciones Científicas, informando que recibió llamada del Gerente General del Banco Morgan Keegan & Compani INC, ubicado en Miami, Florida, ciudadano Eduardo Morkunas, quien le informó que una persona envió un fax a esa entidad bancaria solicitando se hiciera una transferencia de $115.751 de la cuenta corriente del denunciante Nº 62742010 a la cuenta Nº 0950980667 previamente abierta a su nombre de manera fraudulenta en el banco Washington Mutual ubicado en Houston, Texas. Informó además que el Gerente General le manifestó que el fax mediante el cual se solicitó la transferencia fue enviado el día de la denuncia a las 15:25 y provino de la dirección IP 201.243.216.153 la cual corresponde al número telefónico 0212.979.17.76, ubicado en Caracas, Venezuela, el cual se encuentra asignado a la residencia del ciudadano Gustavo Raúl Castillo Vásquez, imputado en la presente causa.

## II. DELITO QUE SE INVESTIGA

El presunto delito de FRAUDE, se encuentra previsto y sancionado en el artículo 14 de la Ley Especial contra los Delitos Informáticos con relación al artículo 83 del Código Penal venezolano, según los cuales:

**Artículo 14 de la Ley Especial contra los Delitos Informáticos**: *"Fraude. Todo aquél que a través del uso indebido de tecnologías de información, valiéndose de cualquier manipulación en sistemas o cualquiera de sus componentes, o en la data o información en ellos contenida, consiga insertar instrucciones falsas o fraudulentas, que produzcan un resultado que permita obtener un provecho injusto en perjuicio ajeno, será penado con prisión de tres a siete años y multa de trescientas a setecientas unidades tributarias"*

**Artículo 83 del Código Penal:** *"Cuando varias personas concurren a la ejecución de un hecho punible, cada uno de los perpetradores y de los*

*cooperador inmediatos queda sujeto a la pena correspondiente al hecho perpetrado.*

*En la misma pena incurre el que ha determinado a otro a cometer el hecho".*

Las actuaciones solicitadas se requieren para ser aportadas a la averiguación número que este despacho sigue en contra del ciudadano **GUSTAVO RAÚL CASTILLO VÁSQUEZ**, con cédula de identidad Nº 6.616.566 por la comisión de las conductas constitutivas del delito de FRAUDE.

**III. PROCEDIMIENTO A SEGUIR PARA**
**LA OBTENCIÓN DE LA PRUEBA**

Se anexa al presente cuestionario de carácter enunciativo y no limitativo, por lo que podrán hacerse las preguntas adicionales que resulten pertinentes de acuerdo con las respuestas emitidas por el ciudadano en cuestión, a saber:

1.- Informe su identificación completa y lugar de ubicación exacta.

2.- Informe dónde labora, qué cargo ocupa y desde hace cuánto tiempo.

3.- Informe cuál es la manera ordinaria como un cuentahabiente solicita al banco Morgan Keegan 6Compani INC transacciones de su cuenta a otras cuentas.

4.- Indique por qué motivo realizó llamada al ciudadano Jesús Alejandro Gómez Silva el día 2 de marzo de 2005 y en qué consistió la conversación que se desarrolló en la misma.

5.- Indiqué cuales fueron sus pasos a seguir luego de dicha conversación.

6.- Indique los datos de las cuentas que el ciudadano Jesús Alejandro Gómez Silva posee en esa institución bancaria, fecha de apertura, firmas autorizadas, monto que oscila en dichas cuentas, etc.

## IV. IMPORTANCIA DE LA PRUEBA SOLICITADA

La entrevista del ciudadano EDUARDO MORKUNAS y la determinación de la identidad de las personas a nombre de quien se encuentra la cuenta bancaria arriba indicada es de suma importancia para la investigación en virtud que a través de dichas pruebas serán determinadas las circunstancias de tiempo, modo y lugar de comisión del delito que se le atribuye al ciudadano GUSTAVO RAÚL CASTILLO VASQUEZ, necesario para demostrar su culpabilidad en los hechos.

El Fiscal Undécimo del Ministerio Público del Área Metropolitana de Caracas de la República Bolivariana de Venezuela, y su Fiscal Auxiliar Abogado RICARDO ALEXANDER BRAVO ZAPATA agradece a la honorable Fiscalía de los Estados Unidos de América, la ayuda prestada a la presente investigación en apoyo a la justicia venezolana. Igualmente, reitera el espíritu de colaboración al gobierno norteamericano y expresa sus sentimientos de alta estima y consideración.

En Caracas, a los 22 días del mes de marzo de 2005.

**ABOGADO RICARDO ALEXANDER BRAVO ZAPATA**
**FISCAL UNDÉCIMO DEL MINISTERIO PÚBLICO**
**DEL ÁREA METROPOLITANA DE CARACAS**

RABZ/MAA

G-651.206 Delitos Financieros
40C-111-05 40º Control

**"1805 – 2005 BICENTENARIO DEL JURAMENTO DEL LIBERTADOR SIMÓN BOLÍVAR EN EL MONTE SACRO"**